<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| EDGAR FRISNEDA-QUINTERO,<br><br>　　　　　　　　*Petitioner*,<br><br>　　　　v.<br><br>LUIS SOTO, *et al.*,<br><br>　　　　　　　　*Respondents*. | Civil Action No. 26-3526<br><br>**OPINION**<br><br>August 10, 2026 |

**THIS MATTER** comes before the Court upon the Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Edgar Frisneda-Quintero ("Petitioner"). (ECF No. 11.)  The Court has reviewed Respondent's Answer and supporting exhibits (ECF No. 15) and Petitioner's Reply (ECF No.17).  For the reasons that follow, the Petition is **GRANTED IN PART**.  Although the Court rejects Petitioner's challenge to the statutory authority for his detention under 8 U.S.C. § 1225(b)(1), the Court concludes that Petitioner's continued detention without a bond hearing has become constitutionally impermissible under the Due Process Clause.

## I.　　BACKGROUND AND PROCEDURAL HISTORY

Petitioner originally commenced this action on April 2, 2026, by filing a petition for a writ of habeas corpus challenging his detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Following briefing by the parties, including Respondents' Answer, Petitioner's Reply, and Petitioner's Status Report, the Court denied the original Petition on June 15, 2026, concluding that Petitioner was subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) following the affirmance of a negative credible fear determination by an

Immigration Judge.  (ECF Nos. 7-10.)  On July 7, 2026, Petitioner filed an Amended Complaint, which the Court construed as an Amended Petition for a Writ of Habeas Corpus pursuant to § 2241 ("Amended Petition") because it raised additional challenges concerning Petitioner's continued detention and removal proceedings.  (ECF Nos. 11, 12.)

In the Amended Petition, Petitioner raises an additional challenge to the legality of his detention under 8 U.S.C. § 1225(b)(1), contending that he was never properly placed in expedited removal proceedings.  (ECF No. 11 ¶ 4.)  Specifically, Petitioner alleges that Respondents failed to complete the procedures required to effectuate expedited removal because he was never issued, shown, or advised of DHS Forms I-860 and I-867A/B, which he contends are required to effect a valid determination of inadmissibility.  (*Id*. ¶ 5.)  Petitioner further asserts that expedited removal may only be initiated against certain noncitizens who have been present in the United States for two years or less at the time of the determination of inadmissibility, and argues that, because he had resided in the United States for nearly four years when Respondents purportedly sought to rely upon the expedited removal process, any attempt to initiate or correct those proceedings was untimely and ineffective.  (*Id*. ¶ 6.)  Based on these allegations, Petitioner contends that his continued detention under § 1225(b)(1) violates the Administrative Procedure Act, the Accardi doctrine, and the Immigration and Nationality Act, and requests immediate release from immigration custody.  (*Id*. ¶ 8.)

On July 9, 2026, the Court reopened the matter for the limited purpose of adjudicating the Amended Petition and directed Respondents to file an Answer addressing Petitioner's new allegations and providing supporting documentation regarding Petitioner's immigration proceedings, current custody status, and efforts to effectuate his removal.  (ECF No. 12.)

On July 17, 2026, Respondents filed an Answer to the Amended Petition with supporting

exhibits. (ECF No. 15.)   Respondents argue that the Amended Petition should be dismissed because Petitioner was properly placed in expedited removal proceedings in August 2022, was served with the requisite expedited removal documents, and, following an Immigration Judge's affirmance of the asylum officer's negative credible fear determination, is subject to a final order of removal and mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(iii)(IV).  (ECF No. 15 at 2-4; ECF No. 7, Exs. A-D.)  Respondents contend that Petitioner's assertion that he was never served with DHS Forms I-860 and I-867 is contradicted by the administrative record previously submitted to the Court.  (ECF No. 15 at 3; ECF No. 7, Exs. A-F.)  Respondents further maintain that Petitioner's custody status has not materially changed since the Court denied his original petition, that ICE is actively pursuing Petitioner's removal by obtaining the documentation necessary to secure travel documents, and that removals to Venezuela remain reasonably foreseeable notwithstanding a temporary suspension of charter flights following a recent earthquake.  (ECF No. 15 at 3-4.)  Finally, Respondents argue that, because Petitioner is subject to a final order of removal, his detention is authorized by statute and any challenge to that detention is inextricably intertwined with the execution of the removal order and therefore foreclosed by the jurisdictional limitations applicable to expedited removal proceedings.  (*Id*. at 4.)

On July 20, 2026, Petitioner filed a Reply which largely reiterates arguments advanced in the Amended Petition.  (ECF No. 17.)

The matter is now ripe for disposition.

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

### III.  DISCUSSION

#### A.  Petitioner's Initial Detention Was Authorized Under 8 U.S.C. § 1225(b)(1)

In his habeas petition, Petitioner contends that his continued detention under 8 U.S.C. § 1225(b)(1) is unlawful.  The Government instead argues that he remains subject to § 1225(b)(1) in light of the circumstances of his initial detention and parole. As this Court has previously explained, non-citizens who attempt to enter the United States illegally and who are detained shortly after making an unlawful crossing of the border are "treated as an applicant for admission" and are subject to the terms of § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020).  As the Third Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of [non-citizens] are subject to [detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) [non-citizens] 'arriving in the United States,' and (2) [non-citizens] 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border." *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016).  Non-citizens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution should they be deported, in which case they are referred for further proceedings regarding their expressed fear. *Id*.  Non-citizens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout their removal and credible fear proceedings, though the Government may in its discretion temporarily parole such non-citizens into the United States "for urgent humanitarian reasons or significant public benefit."

4

*See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018).  Detention under the statute remains mandatory until the conclusion of the non-citizen's removal proceedings, after which a non-citizen would have a final order of removal, and detention under § 1225(b)(1) ends.  *Id*. at 300-03; *see also Arcos Tasigchana v. Soto*, No. 25-18252, 2026 WL 266170, at *1 (D.N.J. Feb. 2, 2026).

Non-citizens subject to expedited removal under 8 U.S.C. § 1225(b)(1) are therefore subject to mandatory detention throughout their removal proceedings, and are generally not entitled to release unless the Government chooses to parole them.  *Id*.  The parole statute, 8 U.S.C. § 1182(d)(5)(A), provides that a non-citizen who is paroled "shall forthwith return or be returned to the custody from which he was paroled" and continue to be detained pursuant to the original detention statute.  Where a non-citizen is released outright, however, even where he is later paroled, he cannot be returned to mandatory detention under the statute as the Government has effectively abandoned its mandatory detention authority by releasing the non-citizen into the United States with parole.  *See Salas v. Soto*, No. 25-17339, 2026 WL 485712, at *3 (D.N.J. Feb. 21, 2026).

In this matter, Petitioner was arrested shortly after crossing the border and found to be subject to 8 U.S.C. § 1225(b)(1).  (ECF No. 15 at 2.)  He was thereafter placed into removal proceedings in light of his credible fear of removal.  (*Id.*)  That Petitioner was paroled from custody does not render him free of mandatory detention—instead he remains subject to mandatory detention under the statute until his removal proceedings conclude.  *See Arcos Tasigchana*, 2026 WL 266170 at *1-2; *see also Jennings*, 583 U.S. at 297 (until the relevant proceedings under § 1225(b) end "nothing in the statutory text imposes any limit on the length of detention").  Thus, under the text of the relevant statutes, Petitioner is subject to mandatory detention and is not entitled to release or a bond hearing.

The Court likewise rejects Petitioner's contention that he was never properly placed in expedited removal proceedings because Respondents allegedly failed to comply with the procedural requirements governing expedited removal.  Petitioner argues that he was never served with DHS Forms I-860 and I-867A/B and therefore was never lawfully subjected to detention under § 1225(b)(1).  (ECF No. 11 ¶¶ 4-8.)  The administrative record, however, includes the Notice and Order of Expedited Removal, the Record of Negative Credible Fear Finding, and the Immigration Judge's order affirming that determination.  (ECF No. 7, Exs. B-D.)  Moreover, the Court previously determined that Petitioner was properly placed in expedited removal proceedings and became subject to mandatory detention under § 1225(b)(1)(B)(iii)(IV).  (ECF No. 10.)  Although the Amended Petition raises additional arguments concerning the validity of Petitioner's expedited removal proceedings, those arguments do not undermine the Court's prior conclusion that Petitioner is subject to detention under § 1225(b)(1).  To the extent Petitioner seeks to invalidate the underlying expedited removal proceedings based on alleged procedural defects, such claims are also subject to the jurisdictional limitations governing judicial review of expedited removal orders.  *See* 8 U.S.C. § 1252(e).  Accordingly, the Court rejects Petitioner's statutory challenge to the legality of his detention under § 1225(b)(1).

## B.  Petitioner's Continued Detention Without a Bond Hearing is Subject to Constitutional Limitations

Moving beyond the statutory argument, Petitioner contends that his detention without bond violates the Due Process Clause of the Fifth Amendment because Respondents failed to comply with the regulatory procedures governing expedited removal, thereby rendering his placement in expedited removal proceedings unlawful and precluding his mandatory detention under 8 U.S.C. § 1225(b)(1).  (ECF No. 11 ¶¶ 80-88.)

Although non-citizens subject to detention under § 1225(b)(1) "have only those rights regarding admission that Congress has provided by statute" and the Due Process clause does not provide for detailed review of those statutory proceedings, *see Thuraissigiam*, 591 U.S. at 140, it does not follow that the Due Process clause is silent as to the rights of non-citizens to liberty following prolonged detention, especially where that non-citizen was previously permitted to be at liberty on parole for a considerable period.

Courts in this District have long presumed that non-citizens subject to prolonged detention under the statute have a liberty interest in release from detention which requires a bond hearing. *See, e.g.*, *Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019). In so doing, courts have analogized mandatory detention under 1225(b) to the similar mandatory detention required for non-citizens who have qualifying criminal convictions under 8 U.S.C. § 1226(c). *See German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210-13 (3d Cir. 2020). In *German Santos*, the Court of Appeals held that where a non-citizen is subject to prolonged detention under the statute, that detention will eventually reach a point where it essentially becomes arbitrary in light of the purposes and presumptions underlying the statute. *Id*. In the context of those with criminal convictions subject to detention under § 1226(c), detention "becomes more and more suspect after five months" and in most cases will become "unreasonable sometime between six months and one year." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 433-34 (3d Cir. 2026). Once the length of detention becomes suspect, a reviewing court must consider the length of detention and likelihood of lengthy continued condition, the similarity of Petitioner's conditions of confinement to criminal detention, and the Petitioner's responsibility for the length of his own detention in determining whether detention has become arbitrary in light of the purposes of § 1226(c). *German Santos*, 965 F.3d at 211. Where those factors indicate that detention has

7

become arbitrary, the non-citizen is entitled to a bond hearing at which the Government bears the burden of proving that further detention is necessary by showing that the Petitioner is a danger or flight risk by clear and convincing evidence. *Id*. at 213-14.

### C. Petitioner's Continued Detention Has Become Sufficiently Prolonged to Require a Bond Hearing

This Court agrees that, at a certain point, detention under § 1225(b)(1) will become so prolonged that it becomes arbitrary and Due Process will require a bond hearing. *Tuser E*., 370 F. Supp. 3d 442-43. The question that remains, then, is at what point detention will become suspect. Although in the § 1226(c) context, detention will become arbitrary only after cresting five months, that length of time is based on the concept that the court can essentially presume that a non-citizen convicted of qualifying crimes is a flight risk or danger to the community for the length of time it ordinarily would take to complete removal proceedings. *See German Santos*, 965 F.3d at 209-10. The non-citizen's criminal history is in that context providing the basis for the presumption which places a limit on his liberty interests under § 1226(c).

Non-citizens detained under § 1225(b)(1) are not held based on a criminal history—indeed, Petitioner in this matter has none. (*See* ECF 7-1 at 3.) The statute instead relies chiefly on the presumption that a non-citizen with no clear right to admission into the United States is a flight risk and may therefore be detained for the relatively limited period of time required for him to receive an expedited order of removal. *See*, *e.g.*, 8 U.S.C. § 1225(b)(1)(A). Such proceedings are clearly intended to be considerably shorter than the general removal proceedings to which criminal non-citizens already in the United States are subject under § 1226(c), and the presumptive basis for mandatory detention under the statute is considerably weaker than that applicable to criminal non-citizens as it is based solely on the lack of legal status rather than past criminal conduct. It

therefore follows that detention under § 1225(b)(1) should become suspect sooner than detention under § 1226(c).

In this matter, Petitioner was on parole and at liberty in the United States for well over three years, and during that time appears to have largely complied with the requirements placed on him by the Government. Indeed, Petitioner was arrested by the Government after he willingly reported to ICE. (ECF No. 7 at 2.) Since that time, Petitioner has been detained in immigration custody for over four months. In its July 9, 2026 Text Order reopening this matter, the Court directed Respondents to submit, among other things, "any records reflecting the execution or attempted execution of any removal order, and any other documents relevant to the authority for Petitioner's continued detention and/or removal." (ECF No. 12.) Although Respondents filed an Answer to the Amended Petition together with copies of Petitioner's expired Venezuelan passport and cedula, they did not submit any records reflecting the execution or attempted execution of Petitioner's removal, such as documentation of travel-document requests, communications with Venezuelan authorities, or records demonstrating concrete efforts to effectuate Petitioner's removal. (*See* ECF No. 15.) Nor did Respondents identify any anticipated timeframe within which Petitioner's removal is expected to occur. Instead, Respondents rely solely on counsel's representations that ICE is pursuing Petitioner's removal and working to obtain the documentation necessary to facilitate that process. (*Id*. at 3-4.) Such representations, without more, do not establish that Petitioner's continued detention is likely to be temporary. Nothing in the record indicates that Petitioner has been responsible for any delay in his removal proceedings. (*See, e.g.*, ECF Nos. 1, 11.)

In light of these facts, this Court finds that Petitioner's detention is sufficiently prolonged and that the presumption that his lack of status renders him a flight risk is no longer sufficient to

9

satisfy Due Process as a basis for his detention without bond.  His continued mandatory detention without a bond hearing has therefore become sufficiently prolonged as to be arbitrary, and Petitioner is therefore entitled to a bond hearing at which the Government bears the burden of establishing that he is a flight risk or danger to the community by clear and convincing evidence. *German Santos*, 965 F.3d at 213-14.

## IV.    <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 11) is **GRANTED IN PART**, and he shall be provided a bond hearing at which the Government bears the burden of demonstrating danger or flight risk by clear and convincing evidence within seven (7) days.  An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

10